FILED

NOT FOR PUBLICATION

MAY 08 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
| --- | --- |
| NOELLE MAJOR, individually and on behalf of all others similarly situated, | No.    15-15880 |
| Plaintiff-Appellant, | D.C. No. 5:12-cv-03067-EJD |
| v. | MEMORANDUM[*] |
| OCEAN SPRAY CRANBERRIES, INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 19, 2017
San Francisco, California

Before:  SCHROEDER and RAWLINSON, Circuit Judges, and STAFFORD,[**]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

Plaintiff Noelle Major appeals the district court's summary judgment in favor of Ocean Spray, Inc. in her putative class action alleging misbranding of juice drinks. We affirm.

1. Major first claims the drinks were improperly labeled as "No Sugar Added." The undisputed evidence established, however, that the drinks are made from juice concentrates with water added. There is no more sugar in the drinks as sold than there was in the original juices before they were concentrated. The conclusory affidavit of Plaintiff's expert was insufficient to call into question the process of mixing the juice drinks. *See United States v. Various Slot Machines on Guam*, 658 F.2d 697, 699–700 (9th Cir. 1981). Although Plaintiff suggests that the blend of different juices may have served to make the cranberry and pomegranate juice drink sweeter than cranberry and pomegranate juice alone would have been, the label stated that the product was a blend of juices, and the labeling was compliant with federal regulations, *see* 21 C.F.R. § 102.33(d). Accordingly, there was no genuine issue of material fact as to the improper labeling claims with respect to added sugar. Summary judgment was appropriate. *See* Fed. Rule Civ. Proc. 56(a); *Sateriale v. R. J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 (9th Cir. 2012).

2. Summary judgment was also appropriate as to Plaintiff's other

2

mislabeling claim under California law. Plaintiff's theory was that, because of the "No Sugar Added" labeling, the labels also should have contained a disclaimer informing customers that the juice was not low calorie and directing customers to the label's nutrition panel. *See* 21 C.F.R. § 101.60(c)(2)(v). The claim fails because California law requires actual reliance. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011); *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009). There is no showing that Plaintiff relied on the absence of the disclaimer in purchasing the drinks. Plaintiff's own testimony established that she understood that the juice was not low calorie and that it contained the same amount of sugar as juice not made from concentrate.

**AFFIRMED**.